*588 The plea in bar in this case, having been solemnly avSue^ mid overruled by the court at a former hearing, it ought not again to have been brought into view; but ^ie cause should have been taken up on the bill and answer only — in which case it became necessary for the de-fondant to prove his answer, as the verdict and judgment were entirely out of the question. This court having de.: * ° *589 iernrned that the court of law had no jurisdiction in cases o'' legacies, the question for the consideration of the court then is, whether the legacy has been paid by the executor ? And if it has, whether it was agreeable to the direction of testator’s will ? No proof has been adduced to support the defendant’s answer, respecting the payment of the legacy; and without such proof, the court cannot take the facts as stated therein to be true; espe-dally as the defendant in his answer is swearing to the act and deed of another person, and not his own, which renders it still more necessary for him to substantiate his answer by other testimony, than his own oath. Admitting for a moment it had been proved that the legacy was paid, the court will consider whether it was conforma-a bly to the directions of testator, and under the peculiar circumstances of this case, whether the executor ought not . to be obliged to pay over again.
Executors are always considered as trustees for the legatees; and therefore this court, whose peculiar province it is to guard the interests of legatees, particularly those of women and children, will take care that the trusts are faithfully and properly executed. In the case before us, the executor is expressly created a trustee for the legatee, by testator himself — -for he positively orders him to keep the legacy in his possession until certain events happened; paying the interest half yearly to the legatee. Whether the legacy be vested or contingent, makes no difference in the case. He was not compellable to pay more than the interest, until the events took place mentioned in the will. It evidently appears the testator intended the legacy as a provision for his niece whenever she should marry; because he gave her no more than the interest until that event, with a power of disposing of it by will, if she died unmarried. If the executor paid the money before she married, he was guilty of a flagrant breach of trust; and therefore should be decreed to pay it over again. And there is a reason, and a very strong one, why the executors under the peculiar circumstances should be obliged to pay it again. It is that the funds out pf which the legacy was to be raised, were lands and *590 negroes which were not subject to depreciation: and this legacy, if paid, was paid in paper money, when almost at the last stage of depreciation — a circumstance ex» tremely unfavorable to the executor, who held the funds as residuary legatee undepreciated, and paid with paper not worth a shilling m the pound, a legacy, which he was not only at that time not compellable to pay, but expressly ordered to retain in his hands. Referred to master to ascertain the amount of principal and interest on the legacy, and report.
Chancellor Rutledge
delivered the decree of the court.